**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DEBORAH B.,                                           )
                                                     )
    Plaintiff,                                    )
                                                     )
                                                     )
v.                                                   )    Case No. 4:25-CV-00987-SPM
                                                     )
FRANK BISGINANO,                                     )
Commissioner of Social Security,                     )
                                                     )
                                                     )
    Defendant.                                    )

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (ECF No. 11). Defendant has not filed a response and the time for doing so has passed. The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 9). For the reasons stated below, the Court will deny Plaintiff's motion.

**I.     BACKGROUND**

On September 8, 2021, Plaintiff protectively filed for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). Her applications were denied initially and on reconsideration. (Tr. 116-155). Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ"). (Tr. 156-57). After a hearing, the ALJ issued an unfavorable decision on April 30, 2024. (Tr. 15-38). Plaintiff filed a

Request for Review of Hearing Decision with the Social Security Administration's Appeals

Council, and on April 28, 2025, the Appeals Council denied the request for review. (Tr. 1-13).

The decision of the ALJ stands as the final decision of the Commissioner of the Social Security

Administration.

In Plaintiff's present motion, she asks the Court to remand the case to the Commissioner

of Social Security pursuant to sentence six of 42 U.S.C. § 405(g) on the basis of new and

material evidence, in the form of pay stubs.

## II.    DISCUSSION

Section 405(g), which governs judicial review of final decisions made by the

Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence

four, and (2) those made pursuant to sentence six.  *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir.

2000).  The Eighth Circuit has explained the difference between the two types of remand:

> Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling.

> Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings.

*Id.* (citation modified).[1] "A Plaintiff seeking remand under sentence six of § 405(g) on the basis

of additional evidence must show (1) that the new evidence is material, and (2) good cause for

---

[1] The Court also notes, although not dispositive of its findings, that the Eighth Circuit has found remand such as that requested by Plaintiff to be governed more appropriately by sentence four than sentence six. *Buckner,* 213 F.3d at 1010 (commenting that "the substance of [the district court's] order—the reconsideration of [Plaintiff]'s ability to perform past relevant work—demonstrates

failure to incorporate that evidence into the record before the Commissioner." *Clancy v. Colvin*, 2014 WL 6387165, at \*2 (W.D. Mo. Nov. 14, 2014) (citing *Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997)); *see also* 42 U.S.C. § 405(g). "To be considered material, the new evidence must be noncumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008) (*Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (internal quotation omitted). "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Id.*

Here, Plaintiff holds forth new evidence in the form of payroll records from her employment at St. Louis Zoological Park covering the period December 22, 2019 through August 1, 2020. She argues that these payroll records are relevant to the issue of whether her employment in 2020 constituted "past relevant work" at the level of substantial gainful activity.[2] The ALJ had found that Plaintiff was able to perform her past relevant work as a rental clerk, citing her employment at the Zoological Park. (Tr. 30).

Plaintiff's argument for remand centers on revised Social Security regulations regarding past relevant work. At the time the ALJ decided Plaintiff's claim, a claimant's past work generally

---

that it was, in essence, evaluating the propriety of the Commissioner's denial of benefits. The court's order effectively called into question a substantive aspect of the Commissioner's decision and ordered the Commissioner to give further consideration to this issue" and therefore sufficiently implicated the merits of the Commissioner's decision to bring it within sentence four).

[2] At Step Four of the five-step disability evaluation process, the ALJ is required to evaluate whether, with his RFC, a claimant can perform his or her past relevant work. *See Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007). A claimant is not disabled if he or she can perform either "[t]he actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.*; *see also Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) ("Where the claimant has the residual functional capacity to do either the specific work

3

qualified as "past relevant work" if, *inter alia*, it was performed in the previous fifteen years. 20 C.F.R. § 404.1565(a). A few months after the ALJ's decision, the agency effected revised regulations, reducing the past relevant work period from fifteen years to five years. 89 Fed. Reg. 27653 (Apr. 18, 2024). Plaintiff argues:

> At the time of Plaintiff's administrative hearing and the Appeals Council's review, the controlling Social Security regulations and rulings defined past relevant work as any work performed within the last 15 years. Under this longstanding rule, Plaintiff's employment at the St. Louis Zoological Park in 2020 was indisputably within the relevant period, and the agency would have considered it PRW regardless of whether it was performed at the upper or lower end of that 15-year window.

> Only after the conclusion of administrative proceedings did the Social Security Administration issue [Social Security Ruling (SSR)] 24-2p, effective June 22, 2024, which drastically shortened the lookback period for [past relevant work] from 15 years to 5 years. This regulatory change directly impacts which jobs are considered at Step 4 and, for the first time, made the precise timing and nature of Plaintiff's 2020 employment outcome-determinative.

> Because the 15-year lookback was in effect throughout the agency proceedings, there was no compelling reason for Plaintiff to submit detailed pay stubs to establish the exact end date or earnings for her 2020 employment. The new 5-year lookback period, however, makes those details critical to the Step 4 analysis and to the correct application of SSR 24-2p in this federal appeal.

(ECF No. 11). Plaintiff asserts that she had good cause for not submitting the pay stubs during the administrative proceedings because they were not material under the law in effect at the time.

First, the Court notes that these pay stubs "could have been obtained prior to the closing of the administrative record." *Hepp*, 511 F.3d at 808. Plaintiff argues good cause exists for not incorporating the pay stubs into the record previously because they were not material, but the Court observes that they were simply not *as* material under the previous regulations as they are under the current regulations. *Clancy*, 2014 WL 6387165 at *2 ("Almost all of the records attached to

---

previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled.").

4

Plaintiff's brief existed during the administrative stage of this case, and Plaintiff has not even tried to establish that he could not obtain these records during this time. Thus, Plaintiff has not established good cause.").

Second, the Social Security Ruling (SSR) 24-2p, which implements the revised regulation, states that the agency "expect[s] that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." SSR 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024). This approach is consistent with principles articulated by the Eighth Circuit. *See Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); *Curran-Kicksey v. Barnhart*, 315 F.3d 964, 967 (8th Cir. 2003) (rejecting a request similar to Plaintiff's because "it would be improper to apply" a new regulation "retroactively" to a claim on appeal, because "[t]he SSA clearly and unambiguously explained when the new listings were issued that they apply to only those cases that have not resulted in a final administrative decision by [the date the new listings went into effect]").

Plaintiff acknowledges that the regulations in effect during the course of her administrative proceedings set a 15-year period of review for the determination of past relevant work. Therefore, Plaintiff's argument that the subsequent change in regulations warrants remand is unavailing. *See Nona A., v. Frank Bisignano*, 2026 WL 1229648, at *3 (N.D. Ill. May 5, 2026) ("With respect to past relevant work, SSR 24-2p specifies a 5-year lookback period rather than the 15-year lookback period applied by the ALJ. Plaintiff's contention that SSR 24-2p provides a basis for reversal is easily disposed of, as SSR 24-2p became effective on June 22, 2024 and was not in place at the time of the ALJ's decision (November 2023).") (citing cases); *Martin v. Soc. Sec. Admin.*, 2026 WL 311573, at *4 n.1 (E.D. Ark. Feb. 5, 2026) (noting that "the applicable regulations *at the time*

*of the ALJ's decision* define past relevant work as work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it" and "[a]fter the ALJ issues his decision, the regulations changed to incorporate only past work from the last five years") (citation modified) (emphasis added); *Smith-Jones v. Soc. Sec. Admin., Comm'r*, 2025 WL 3269524, at \*6 (E.D. Ark. Nov. 24, 2025), *report and recommendation adopted sub nom. Smith-Jones v. Comm'r, Soc. Sec. Admin.*, 2026 WL 637625 (E.D. Ark. Mar. 6, 2026) (rejecting plaintiff's argument that new past relevant work regulations apply to plaintiff's case in part because "the regulation took effect in June 2024, after the ALJ issued his decision in this case").

For the above reasons, the Court will deny Plaintiff's motion for remand. Furthermore, this matter is before the Court for the purposes of case management, as Plaintiff has not complied with the Case Management Order (ECF No. 8), which directed Plaintiff to file a brief and accompanying statement of uncontroverted material facts no later than October 3, 2025. As of the date of this Order, Plaintiff has not filed the brief.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must unless otherwise ordered by the Court, serve and file a brief within **fourteen (14) days of the date of this order**. Plaintiff must attach to this brief a statement of uncontroverted material facts, with each fact set forth in a separately

---

[3] The Court assumes that Plaintiff did not intend the present motion to remand to serve as her brief, given it is not titled as such and is not accompanied by a statement of uncontroverted material facts.

numbered paragraph and supported by citations to the administrative transcript.    All other

deadlines in the Case Management Order (ECF No. 8) remain in place.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of May, 2026.